**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LAWRENCE KENNETH ALLEN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RWT-08-2851 (Consolidated Case: RWT-08-3004, RWT-08-3020, RWT-08-3021, RWT-08-3022, RWT-08-3023, RWT-08-3024, RWT-08-3025, RWT-08-3026) |
| SGT MCCULLOUGH, et al. | : | |
| Defendants | : | |

o0o

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment.[1] (Paper No. 31). Plaintiff opposes the motion. (Paper No. 33). Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2008).

**Background**

Plaintiff alleges that retaliatory actions have been taken against him by Defendants because he filed administrative remedy procedure complaints (ARPs). (Paper No. 1). Specifically, he claims on August 1, 2008, Sergeant McCullough, the ARP Coordinator (ARC), called him to his office and ordered him to sign off on his pending ARPs and to dismiss state district court cases he had pending against other staff members. Plaintiff claims when he refused to do so, McCullough became verbally abusive and threatening. (Paper No. 1).

Plaintiff claims after he refused McCullough's demands to withdraw the complaints Lieutenant Trumpower called the housing unit where he was assigned and told them to remove Plaintiff from his single cell. (Paper No. 7). He alleges that he was told that it had been determined

---

[1] Also pending is Defendants' Motion for Extension of Time which shall be granted *nunc pro tunc*. (Paper No. 30).

that he no longer needed a single cell for medical reasons.[2]   He claims he refused to move into a double cell and Trumpower called the housing unit to tell Officer Boward to move him back to his old cell. (Paper Nos. 7 and 9). Despite regulations requiring an inventory of property when an inmate is moved, Plaintiff claims his property was never inventoried and he discovered three months later that his property was stolen or lost. (Paper Nos. 7, 9 and 13).

Defendants admit that Plaintiff was approached with a request to drop some of the numerous ARPs he had filed regarding his medical care. Some of the ARPs filed by Plaintiff are submitted as exhibits; most concern disputes between Plaintiff and medical staff regarding when he should be receiving injections of copaxone and his medication (neurontin) for pain. Another complaint concerns Plaintiff's allegation that an officer in the kitchen asked him what he was staring at, called him a "nigger," and made intimidating statements about the right way to kill Black inmates.

Plaintiff filed a complaint regarding his missing property, and claims he was assaulted in an effort to make him drop the claim. (Paper Nos. 15, 17 and 19). He claims Officers Thomas, Stouffer, and Harsh pepper-sprayed him, handcuffed him, dragged him from his cell, and beat him with his own cane until he was unconscious. (Paper No. 17). Plaintiff claims he was placed in a segregation cell, known as ASIA, to heal from the beating. Id.  He claims Officer Harsh stomped on his face, threw a shoe at his face, spit on him and threatened him. (Paper No. 19).

Defendants claim that Plaintiff was threatening to kill himself with a seven-inch homemade knife when Thomas went into the cell to disarm him. (Paper No. 31 Ex. 6).  Thomas was able to retrieve the knife, but was wounded in the process. An investigation into the use of force concluded that the force used was necessary and Thomas was credited for saving Plaintiff's life. Plaintiff

---

[2] Plaintiff has Multiple Sclerosis and walks with a cane.

claims that McCullough was having an affair with the nurse he was suing.  (Paper No. 33).

## **Standard of Review**

A Motion for Summary Judgment is governed by Fed. R. Civ. P. 56(c), which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon

mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U. S. 317, 323-24 (1986)).

## Analysis

*1. Retaliation*

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment. Compare Burton v. Livingston, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim) with Gill v. Mooney, 824 F.2d 192, 194 (2nd Cir. 1987) ("A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone." ) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2nd Cir. 1983)) and Pierce v. King, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

Plaintiff's claim for lost property does not state a constitutional claim.[3] To the extent that

---

[3] In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy. See Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).

4

he alleges proper procedures were ignored in order to facilitate the loss of his property as a part of retaliation against him, there is no objective evidence to support the claim. Plaintiff's assertions that McCullough's motivation was an illicit affair with the nurse Plaintiff was suing is pure conjecture unsupported by any sworn statements or objective evidence. Indeed, the allegation appears to be an attempt to embarrass and harass Defendants rather than a legitimate claim. In addition, the ARP complaints concerned misunderstandings between Plaintiff and medical staff regarding delivery of prescribed medications. The claims did not concern allegations which would typically motivate extortion of the type alleged by Plaintiff. Thus, the Court concludes that Plaintiff's retaliation claim is conclusory.

*2. Excessive Force*

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986). If the injuries sustained as a result of the alleged excessive is de minimis, the plaintiff cannot prevail on an Eighth Amendment claim, unless extraordinary circumstances are present. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). "Extraordinary circumstances are present when the force used is of a sort repugnant to the conscience of mankind for the pain itself is such that it can properly be said to constitute more than de minimis injury." Taylor v. McDuffie, 155 F. 3d 479, 483 (4th Cir. 1998); see also Riley v.

5

<u>Dorton</u>, 115 F. 3d 1159, 1166 (4th Cir. 1997) (record must support a finding that plaintiff sustained more than de minimis injury).

The parties dispute the cause for the use of force against Plaintiff. Defendants allege Plaintiff was attempting to harm himself with a homemade knife and would not comply with orders to relinquish the weapon. Plaintiff claims the assault was unprovoked and implies Defendants made up the story about a suicide attempt to cover up the assault. (Paper No. 33). Several factors weigh against Plaintiff's assertions that he was severely beaten simply because he filed a complaint about his missing property. Plaintiff pled guilty to disciplinary charges arising from the incident. (Paper No. 31 Ex. 5 at 5). There are pictures of the weapon confiscated. <u>Id</u>. at 2. Plaintiff's complaint about his missing property was found meritorious and he was awarded compensation for the loss of his property.[4] There is no evidence that Plaintiff suffered a permanent or significant injury as a result of the use of force. (Paper No. 31 Ex. 6 at. 15). Plaintiff's description of the assault simply is not supported by the evidence.

Defendants are therefore entitled to summary judgment in their favor. A separate order reflecting the substance of this Memorandum Opinion follows.

July 21, 2009
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff refused to sign a form stating that he agreed with the $77 award and refused to sign a form stating he disagreed with the award. (Paper No. 31 Ex. 8 at 7–8).